

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH KRUEGER, et al., <br> Plaintiffs, <br><br> v. <br><br> RONALD G. WILLIAMS, et al., <br><br> Defendants. | CV 98-5881 JSL (CTx) <br><br> ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

The motion of Defendants UFH ENDOWMENT, LTD., L.H. FINANCIAL SERVICES, ARIE RABINOWITZ, and CHRIS ROSSMAN for summary judgment, or, in the alternative, for summary adjudication, came for hearing regularly on June 14, 1999.

Having reviewed the papers filed in connection with this matter, having heard oral argument, and being fully apprised of the relevant facts and law,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment, or, in the alternative, for summary adjudication, be DENIED as to Plaintiffs' claims under the Securities Exchange Act of 1934. Defendants' motion is premature until discovery has been completed.



IT IS FURTHER ORDERED that Plaintiffs' RICO claim be DISMISSED as a matter of law, or, in the alternative, that Defendants' Motion for Summary Judgment be GRANTED as to Plaintiffs' RICO claim.

Count III of Plaintiffs' FAC charges Defendants with violating RICO, 18 U.S.C. § 1962(c), which reads:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

Plaintiffs allege that Defendants operated as enterprises and conducted a pattern of racketeering within the meaning of RICO.

Moving Defendants respond that Plaintiffs' RICO claim is barred as a matter of law by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 18 U.S.C. § 1964(c). The PSLRA reads, in pertinent part, "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962."

Moving Defendants moved to dismiss Plaintiffs' RICO claim as a matter of law in their motion to dismiss. That motion was denied in whole. Upon further consideration, the Court is now of the opinion that the motion to dismiss the RICO claim was erroneously denied. Plaintiffs' RICO claim is therefore DISMISSED as a matter of law or, in the alternative, summary judgment is GRANTED in favor of Defendants as to the RICO claim only.

The Court dismisses Plaintiffs' RICO claim with some reluctance, however. The cases cited by Moving Defendants in support of their position on the RICO claim are neither on point with the facts of this case nor binding precedent on this Court. The Moving

2

Defendants cite no case from this Circuit, and the Court is aware of none, in which the plaintiffs alleging fraud are the *issuers* of securities and the defendants are *underwriters* and others allegedly acting in concert with them, as is the case here. Most of the cases cited are more "classic" securities fraud cases brought by investors or shareholders against issuers. Moving Defendants cite one case, Hemispherx Biopharma, Inc. v. Asensio, (CCH) Fed. Sec. L. Rep. ¶ 90,446 (E.D. Pa. Mar. 15, 1999), in which the plaintiff is the issuer and the defendant an alleged short-seller of the plaintiff's stock. But the facts of that case — one issuer, one short-seller, one transaction — differ substantially from the allegations here.

Although Congress stated in their Conference Report that it "intends [the PSLRA] to eliminate securities fraud as a predicate offense in a civil RICO action," H.R. Conf. Rep. 104-369, 103 (1995), reprinted in 1995 U.S.C.C.A.N. 730, the case law does not support the inferences that Congress foresaw this type of fraud when enacting the PSLRA or that it intended to allow underwriters to avoid civil RICO liability in such a case as this. The PSLRA could not have been enacted to allow a group of persons acting in concert to utilize an underwriting enterprise to engage in a pattern of fraud against multiple issuers, and to be immune from RICO liability. The allegations in this case amount to precisely the type of organized fraudulent activity that RICO is meant to combat.

However, the statutory language, viewed with the legislative history, makes the intent and effect of the PSLRA clear.[1]

---

[1] The legislative history of the PSLRA reveals Congress's desire that the amendment eliminate securities fraud as a predicate act for civil RICO. The Conference Report states,

1  Plaintiffs may not use securities fraud as a predicate offense for a
2  civil RICO claim. Despite the Court's opinion that the PSLRA was
3  never intended to deny RICO relief in a situation where, if the
4  allegations are true, a group of defendants systematically and
5  effectively defrauded a group of issuers through an organized scheme
6  of racketeering and fraud, the language of the law is unambiguous.

      Dismissal of the RICO claim, however, will not adversely
affect Plaintiffs' discovery. Discovery of Defendants' activities
with respect to other companies is relevant to this action in that it
would tend to show a pattern of fraudulent activity. Thus discovery
may continue along the same lines Plaintiffs have been advancing.

      IT IS SO ORDERED.

DATED: 10/8/99

J. Spencer Letts
United States District Judge

---

The Conference Committee amends section 1964(c) of title 18 of the U.S. Code to remove any conduct that would have been actionable as fraud in the purchase or sale of securities as racketeering activity under civil RICO. *The Committee intends this amendment to eliminate securities fraud as a predicate offense in a civil RICO action.*

H.R. Conf. Rep. No. 104-369, at 103 (emphasis added). The language is clear: plaintiffs may not use securities fraud as the basis for a civil RICO claim.

    Plaintiffs argue that their RICO claim is based not on securities fraud but on mail and wire fraud conducted in the course of dealing with Defendants. The legislative history is clear on this point as well: "[i]n addition, the Conference Committee intends that a plaintiff may not plead other specified offenses, *such as mail or wire fraud*, as predicate acts under civil RICO if such offenses are based on conduct that would have been actionable as securities fraud." Id., (emphasis added). Thus, Plaintiffs' argument that they are alleging not securities fraud but mail and wire fraud must fail.

4